IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARICELA MENDOZA MATA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-0733-D |
| | § | |
| FIESTA MART, L.L.C., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action, plaintiff Maricela Mendoza Mata ("Mata")

sues defendant Fiesta Mart, L.L.C. ("Fiesta Mart"), seeking compensation for injuries she

sustained when she slipped and fell in a Fiesta Mart store.  Fiesta Mart moves for summary

judgment.  Concluding that there are no genuine issues of material fact and that Fiesta Mart

is entitled to judgment as a matter of law, the court grants Fiesta Mart's motion and dismisses

this action with prejudice by judgment filed today.

I

On January 29, 2024 Mata was shopping with her three children (ages 13, 6, and 2)

at a Fiesta Mart in Carrollton, Texas when she slipped and fell on a liquid spill located in the

main walkway between two aisles near the store's bread display.[1]  Mata landed on her lower

---

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Mata as the summary judgment nonmovant and draws all reasonable inferences in her favor.  *E.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

back and left knee, sustaining injuries to her lower back, left knee, left arm, and neck.

After she fell, Mata examined the liquid that was on the floor.  According to Mata, it was thick and slippery and "just a tad smaller" than the area a shopping basket would cover. P. Br. (ECF No. 18) at 4.  Although Mata did not touch or feel the liquid with her hands, she believed that the substance could have been soap or fabric softener.

When she fell, Mata could see bakery employees in the area, but no employee approached her or asked if she needed help.  After she got up from the floor, Mata walked to the cash register area and reported the fall to a cashier, informing the cashier that she had fallen and that another little girl had fallen right after her.  The cashier immediately responded by calling for a cleaning person over the store speaker, stating that there was a spill that needed to be cleaned up.

Mata now sues Fiesta Mart under a theory of premises liability.  Fiesta Mart moves for summary judgment.  Mata opposes the motion.[2]  The court is deciding the motion on the briefs, without oral argument.

II

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing to the absence of evidence on any essential element of the nonmovant's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

---

[2]Mata filed her opposition response on April 17, 2026.  Fiesta Mart's reply brief, if any, was due May 1, 2026.  Because the deadline for Fiesta Mart to file a reply has passed, the motion for summary judgment is ripe for a decision.

Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts to demonstrate that there is a genuine issue of material fact for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen LandCare, L.L.C. v. Scott*, 512 F.Supp. 2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

A

In Texas, an invitee[3] can recover under a theory of premises liability by establishing that

> (1) the defendant had actual or constructive knowledge of a condition on its premises, (2) the condition posed an unreasonable risk of harm, (3) the defendant did not exercise reasonable care to reduce or eliminate the risk, and (4) the defendant's failure to use such care proximately caused her injuries.

*Rivers v. Kroger Tex. L.P.*, 2009 WL 2596601, at \*2 (N.D. Tex. Aug. 21, 2009) (Fitzwater, C.J.) (citing *Harvey v. Racetrac Petroleum, Inc.*, 2009 WL 577605, at \*1 (N.D. Tex. Mar. 6, 2009) (Fitzwater, C.J.)). "A slip-and-fall plaintiff satisfies the notice element by

---

[3]The parties do not contest Mata's status as an invitee.

establishing that (1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Because Mata has not presented any evidence that Fiesta Mart placed the liquid on the floor or that it actually knew that it was there, she must adduce evidence that would enable a reasonable jury to find "that the spill had been on the floor for a sufficient period of time that [Fiesta Mart] had a reasonable opportunity to discover it." *Id.* Mata has failed to meet this burden.[4]

B

Before a premises owner may be charged with constructive notice, proof that a dangerous condition existed for some length of time must be proffered. *Id.* at 815. This so-called "time-notice rule" is "based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816. Accordingly, "[i]n all cases . . . there must be *some* proof of how long the hazard was there before liability can be imposed on the premises owner for failing to

---

[4]Citing Georgia caselaw, Mata argues in her response that Fiesta Mart failed to meet its "initial burden of demonstrating that it exercised reasonable care in inspecting the premises." P. Br. (ECF No. 18) at 13. But in Texas, it is clearly established that the *plaintiff* has the burden to prove that the defendant had actual or constructive knowledge of a condition on its premises. Fiesta Mart was not obligated to come forward with evidence "that it exercised reasonable care in inspecting the premises at the time and location of the incident." *Id.* at 15.

discover and rectify, or warn of, the dangerous condition." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 359-60 (5th Cir. 2017) (quoting *Reece*, 81 S.W.3d at 816); *see also Perez v. Fiesta Mart LLC*, 2023 WL 5687024, at *3 (S.D. Tex. July 14, 2023) ("Federal courts . . . recognize that under Texas law, '[c]onstructive knowledge *requires* evidence indicating how long the hazard was present.'" (alteration in original) (citation omitted)). "Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [the Supreme Court of Texas has] clearly rejected." *McCarty*, 864 F.3d at 360 (quoting *Reece*, 81 S.W.3d at 16). If circumstantial evidence "supports only the *possibility* that the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discover it," the premises owner cannot be charged with constructive notice. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

Mata has not identified any evidence in the summary judgment record that would enable a reasonable jury to find that the spill had been on the floor for a sufficient period of time that Fiesta Mart had a reasonable opportunity to discover it. *Reece*, 81 S.W.3d at 814. She testified at her deposition that she did "[not] know how long that liquid had been there before [she] slipped and fell," P. App. (ECF No. 18-1) Ex. A at 52-53,[5] and did "[not] know how that liquid came to be on the floor," *id.* at 53. Mata has failed to supplement this testimony with any temporal evidence regarding the spill. Nor has she otherwise pointed to

---

[5]Mata's appendix does not comply with the requirements of N.D. Tex. Civ. R. 56.6(b)(3), which requires that each page of the appendix be sequentially numbered. Accordingly, the court will refer to citations in Mata's appendix by exhibit letter.

evidence in the summary judgment record regarding when the spill formed or how long it had existed prior to her arrival.[6]

Mata appears to recognize that she must adduce "some proof of how long a hazard existed before liability can be imposed." P. Br. (ECF No. 18) at 19. She argues in her response that

> the thick, slippery nature of the liquid—as opposed to a fresh spill—suggests that it had been on the floor long enough to develop its described characteristics. This circumstantial evidence of the hazard's condition supports an inference of sufficient duration.

*Id*. at 20. But Mata fails to point to any evidence in the record that would support the reasonable inference that the spilled substance had "changed condition" prior to her fall. *Id.* Soap and fabric softener (Mata's guess as to what the liquid was) are both thick and slippery, even when "fresh[ly] spill[ed]." *Id.* And Mata testified at her deposition that, although she examined the liquid after she fell, she did not touch it or feel it with her hand. P. App. (ECF No. 18-1) Ex. A at 50. In other words, there is simply no evidentiary basis for Mata's conclusory assertion that the liquid was not a "fresh spill" but, instead, had been on the floor long enough to change condition. *See, e.g.*, *Martinez v. Target Corp.*, 2021 WL 3813361, at *5 (S.D. Tex. Aug. 26, 2021) ("The well-established rule is that a plaintiff's opinion as to

---

[6]Instead, Mata points to the spill's "substantial size and prominence," P. Br. (ECF No. 18) at 16, its location in a high-traffic area, the presence of bakery employees near the spill, evidence that Fiesta Mart's floor maintenance department monitors floors and cleans throughout the day, and the occurrence of a second fall "immediately after" Mata fell, *id.* at 19. But this evidence is insufficient to create a genuine issue of material fact on the question of timing.

the length of time the dangerous condition existed amounts to nothing more than conjecture."); *cf. Seigler v. Wal-Mart Stores Tex.*, *L.L.C.*, 30 F.4th 472, 479-80 (5th Cir. 2022) (reversing summary judgment in slip-and-fall case involving cold, congealed chicken grease, and holding that "it is reasonable to infer that the chicken grease was hot at the time that it spilled on the floor, given its proximity to the 'hot case,' and that the grease had been on the floor long enough for Wal-Mart to have had an opportunity to discover it, given that it had cooled and congealed by the time of [plaintiff]'s fall.").

Absent evidence from which a jury could find that the spill was present for long enough that Fiesta Mart should have discovered it, Mata cannot, as a matter of law, demonstrate the element of constructive knowledge. *See, e.g.*, *Young v. O'Reilly Auto Enters., LLC*, 2026 WL 1078639, at *5 (W.D. Tex. Apr. 17, 2026) ("[W]ithout temporal evidence demonstrating when the oil spill formed or how long it had existed before Plaintiff's arrival, the mere possibility that store employees had worked in close proximity to the handicapped spaces does not create a question of material fact as to constructive knowledge about the oil spill."); *Alvarado v. Fiesta Mart, LLC*, 2025 WL 3762135, at *2 (S.D. Tex. Oct. 8, 2025) (granting summary judgment where plaintiff testified that she did not see water get on the floor, did not know how long it was on the ground, and failed to supplement this testimony with any temporal evidence regarding the spill); *Cherry v. Kroger Texas LP*, 2020 WL 5645216, at *3 (N.D. Tex. Sept. 22, 2020) (O'Connor, J.) (granting summary judgment where plaintiff "stated she had 'no idea' how long the mayonnaise was on the floor, and her response introduces no evidence to the contrary other than to suggest

the spill was there long enough to be open and obvious due to track marks through it.").

Accordingly, the court grants Fiesta Mart's motion for summary judgment.

*    *    *

For the reasons explained, the court grants Fiesta Mart's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

May 14, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE